# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRANSPORTATION INSURANCE COMPANY, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> SAINT-GOBAIN CONTAINERS, INC., LORI ) </br> ANN REXING, and ACE AMERICAN ) </br> INSURANCE CO., ) </br> ) </br> Defendants. ) | Case No. 12-CV-387-JED-TLW |

| |
|---|
| ACE AMERICAN INSURANCE COMPANY, ) </br> ) </br> Third-Party Plaintiff, ) </br> v. ) </br> ) </br> PROFESSIONAL CONSULTANTS, INC., SAINT ) </br> PAUL FIRE & MARINE INSURANCE ) </br> COMPANY (TRAVELERS INSURANCE ) </br> COMPANY), ) </br> ) </br> Third-Party Defendants. ) |

## OPINION AND ORDER

This declaratory judgment action involves insurance coverage issues relating to defense costs and damages which have been or may be incurred in a wrongful death action in state court. Before the Court is a Motion to Amend Complaint (Doc. 69), filed by plaintiff, Transportation Insurance Company ("TIC"). Defendants Saint-Gobain Containers, Inc. ("SGCI"), St. Paul Fire and Marine Insurance Company, and Professional Consultants, Inc. have consented in writing to TIC's proposed amendment. Defendant Lori Rexing did not file any response to the motion. Ace American Insurance Company ("Ace") is the only party to object to the Motion to Amend.

In its original Complaint, TIC seeks a declaratory judgment that it has no duty to defend defendant SGCI and no obligation to pay any liability of SGCI in a lawsuit brought by Lori Rexing in the District Court of Creek County, Oklahoma for the wrongful death of her husband (the "Rexing Suit"). Various counterclaims and third-party claims have been filed in this case, all relating to insurance coverage issues and related damages arising out of the issues in the Rexing Suit.

TIC seeks to amend the Complaint to add claims for unjust enrichment, equitable subrogation, and equitable contribution against SGCI and Ace. TIC represents that the causes of action arise out of the same operative facts as the original Complaint and are timely and would not cause additional delay or unfairly prejudice SGCI or Ace. Ace opposes the proposed amendment, claiming that TIC delayed seeking amendment until 26 months after the filing of the Rexing Suit and that the amendment would result in prejudice. However, Ace does not explain any specific reasons that it will be prejudiced, other than the passage of time. In reply, TIC notes that it requests to amend in part to seek reimbursement of amounts that TIC paid to settle Rexing's claims against SGCI in the Rexing Suit, and that those payments were not made until well after the Rexing Suit was filed and months after TIC filed its declaratory judgment Complaint in this case.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under that standard, a court will generally "refuse leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)).

There has been no showing of undue delay, undue prejudice, bad faith or dilatory motive, or any other justification to deny TIC's request to amend. Moreover, given the counterclaims and third-party claims filed after the original Complaint in this case, the Court finds that TIC did not unduly delay filing its motion to amend. The Court also notes that the motion was timely under the then-applicable scheduling order. Accordingly, TIC's Motion to Amend (Doc. 69) is **granted**.

The parties have previously represented to the Court that they are working on a potential global settlement of this case. On or before **September 30, 2014**, the parties shall file a Joint Status Report advising the Court of whether such settlement efforts are continuing. Because the parties may still be working toward a global settlement, the Court is not at this time imposing a deadline for the filing of any amended complaint.

SO ORDERED this 9th day of September, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE